

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00203-CR

———————————————

TIMOTHY EUGENE TEW, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1687675

Before Kerr, Birdwell, Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Timothy Eugene Tew agreed to a charge bargain in which he pleaded guilty to the offense of second-degree assault under Section 22.01(b–3) of the Texas Penal Code and true to the repeat-offender notice in exchange for the State's waiving six other counts. *See* Tex. Penal Code Ann. § 22.01(b–3). The enhancement raised the punishment range to that of a first-degree felony—imprisonment for life or any term of years of not more than 99 years or less than 5 years and a fine not to exceed $10,000. *See id.* §§ 12.32, 12.42(b). Tew also agreed to have the trial court assess punishment. After a hearing, the trial court sentenced Tew to ten years in prison.

Tew filed a notice of appeal, and the trial court granted him permission to appeal. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (holding that charge bargains that cap a defendant's maximum punishment fall within Rule 25.2(a)(2)'s prohibition); *see also* Tex. R. App. P. 25.2(a)(2)(B) (providing an exception to the prohibition of appeals following a plea bargain).

Tew's court-appointed attorney has filed a motion to withdraw as counsel and a brief in support of that motion. He concludes that, in his professional opinion, the appeal is frivolous.

Counsel's motion and brief meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by professionally evaluating the appellate record and showing why no arguable grounds for relief exist. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991). Tew filed a pro se

response to counsel's *Anders* brief. The State filed a letter response in which it agreed with Tew's counsel that his appeal presented no meritorious grounds to advance.

After an appellant's court-appointed counsel files a motion and brief fulfilling the *Anders* requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Tew's response, and the appellate record. We agree with counsel that the appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See McCuin v. State*, No. 02-23-00075-CR, 2024 WL 853314, at \*1 (Tex. App.—Fort Worth Feb. 29, 2024, no pet.) (mem. op., not designated for publication).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 13, 2024